696 So.2d 1351 (1997)
Evelyn GREEN, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 96-2823.
District Court of Appeal of Florida, Fifth District.
July 25, 1997.
Evelyn Green, Lowell, pro se.
David Silverstein, Senior Attorney, Child Welfare Legal Services, Brooksville, for Appellee.
PETERSON, Judge.
Appellant, Evelyn Green, pro se, appeals an order of the trial court denying her petition for visitation rights with her minor child, Yuleni Moore.
Appellant gave birth to her son while serving a 35 year prison sentence. The record reflects that she will not be released until after Yuleni, who is currently nine years old, becomes an adult. In 1994, she stipulated to an adjudication of dependency of her son which included a provision that she would communicate with him by telephone one hour per week or through written correspondence at least two times per month.
Two years later in 1996, the mother sought to expand her visitation rights by filing a "petition for an order of visitation rights" so *1352 that she could personally visit with her child on a regular basis. The trial court denied the petition, finding "by a preponderance of the evidence that it is not in the best interest of the child to have visitation with the mother at this time." This appeal ensued.
The mother was physically present for the original dependency proceeding, was represented by counsel, and signed her stipulation personally. Accordingly, the trial court found that the mother understood the stipulation and voluntarily entered into it.
We view the 1996 "petition for visitation" as a petition for modification of visitation rights. A party seeking a modification has the burden of proving that there has been a substantial and material change in circumstances, and that the best interest of the child will be promoted by the change. Bates v. Wishart, 545 So.2d 906 (Fla. 2d DCA 1989) (when visitation rights are granted and no appeal is taken, those visitation rights become fixed subject only to a material change in circumstances and for best interest of the child). The appellant has neither shown a substantial and material change in circumstances, nor that the best interest of Yuleni will be promoted by the change.
Appellant asserts in her reply brief that the phone visitation granted to her in 1994 were for direct calls to her son, but that she is only allowed to make collect calls. She also asserts that her attempts to correspond with her son are frustrated because the correspondence is sent in care of the Department of Health and Rehabilitative Services. She asserts she has no way of knowing if her child receives the correspondence because she receives no acknowledgement. Finally, she contends that she receives no status update from any party as to the health and well being of her child. Except for the assertions in her brief, we do not know if any restriction has been imposed upon her to make only collect calls nor the reason why she writes indirectly to her son through HRS. Because of the absence of a transcript of the evidentiary hearing, we do not know whether the issue was ever raised before the trial court so that her methods of communication might be reviewed. We do know that she is included in the mailing lists of matters that come before the trial court and is informed of the status of her son in that manner.
We affirm the denial of appellant's petition without prejudice to her right to petition the trial court and show good cause why an order should be entered that establishes a method for her to telephone and correspond with her child in a manner that does not violate, or make a special exception to, the rules of the prison in which she is incarcerated.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.