784 So.2d 1215 (2001)
Katherine Luann RYAN, Appellant,
v.
John P. RYAN, Appellee.
No. 2D00-939.
District Court of Appeal of Florida, Second District.
April 18, 2001.
*1216 Shea T. Moxon, Tampa, for Appellant.
James R. Kramer, Tampa, for Appellee.
SALCINES, Judge.
The former wife appeals a final judgment granting an injunction for protection against domestic violence in favor of the former husband. In that injunction, the trial court awarded temporary custody of the parties' four minor children to the former husband and denied the former wife any contact with her children for one year. We reverse.
The former husband petitioned for an injunction for protection against domestic violence pursuant to section 741.30, Florida Statutes (1999), as father, on behalf of, and best friend of the parties' four minor children. The petition itself was set forth on Florida Family Law Form 12.980(b), taken from the 1998 version of the Florida Family Law Rules of Procedure. The form consisted of seven sections and included lines to set forth narrative text, alternative choices to mark, and instructions to follow.[1]
Sections I and II of the petition included general information regarding the petitioner and the respondent. In the present case, the former husband supplied information regarding himself and the former wife.
Section III detailed the parties' case history and the reason for seeking a petition. In that section, the former husband indicated that both he and the former wife had previously sought and obtained injunctions for protection against domestic violence. He also acknowledged other actions between the parties including "numerous follow-up petitions with regards to the children." At the narrative portion of section III, explaining the most recent act causing him to "honestly fear domestic violence" by the former wife, the former husband detailed a single incident at a soccer field wherein the former wife became involved in a physical struggle with one of the parties' minor children and the former husband's new wife. Additionally, *1217 he averred that the former wife's boyfriend had dropped the parties' six-year old son and their five-year old daughter on their heads on one occasion per child. The husband concluded: "I think and hope your Honor sees that in the best interest of the kids (4) that your Honor would grant me temporary full time custody. I feel that it is detrimental to their safety and their mental well being."
Section V addressed temporary custody of the minor children and expressly instructed any petitioner seeking temporary custody of minor children to complete a Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit. At that section, the former husband set forth the name, birth date, and gender of each of the four children and marked only the line that the minor children "saw the domestic violence described in this petition happen." The former husband did not file a UCCJA Affidavit in conjunction with the petition.
Section VII addressed the injunction itself and set forth the prayer for relief. At that section, in which the former husband was to specify which terms he sought to have included in the injunction, he only marked the lines requesting the court to enter an injunction which would restrain the former wife from coming within five hundred feet of the petitioner's residence, school, or place of employment. Significantly, the former husband did not mark the blanks for prohibiting the former wife from having any contact with the petitioner (whether that would have meant the former husband or the children), or for granting the former husband "temporary exclusive custody" of the children. The former husband did not mark the blanks for prohibiting or limiting visitation between the former wife and the children, nor did he complete the blanks provided for explaining such a request.
On the basis of that petition, the trial court issued an ex parte temporary injunction and a notice of hearing concerning the imposition of the final injunction. From the record before this court, it appears that the former wife was not served with the petition, the order imposing the temporary injunction, or the notice of hearing until the day of the hearing on the final injunction.
The hearing took place as scheduled. At the hearing, only one of the minor children testified about the alleged incident, and the trial court also conducted an in camera conference with that child. Limited testimony was introduced, a large part of which concerned the interaction between the adults involved in the ongoing disputes. Very little, if any, of the testimony related to whether it was in the children's best interest to reside exclusively with their father with no contact whatsoever with their mother. It appears that any "best interests" factors were not considered because the parties, at that time, had a matter concerning the children pending before another division of the circuit court. At the conclusion of the hearing, the court entered a final injunction which awarded temporary custody to the former husband and prohibited the former wife from having any contact with her four children for up to one year unless modified by another court. The judge admonished the former husband, "If you get across the street and that court changes my order, then you follow that Court. If a Juvenile Court judge takes the kids away from you and gives them back to her, then you follow that order." The former wife immediately sought a rehearing which was denied.
A parent has a constitutional right to the due process of law, including notice and an opportunity to be heard, in a proceeding that affects the parent's custody of his or her children. Shaw v. Shaw, 455 So.2d 1156 (Fla. 5th DCA 1984). In the present case, the former wife's right to *1218 due process was denied when her rights of custody and visitation were terminated based on pleadings which did not request such relief and did not give her notice that the court could take such an action. The petition, apparently served on the morning of the hearing, was insufficient in at least two regards the combination of which would have affected what a respondent could reasonably have expected to be determined at the hearing.
First, on the face of the petition, the former husband did not mark the boxes which would have indicated that he was seeking "temporary exclusive custody" of the parties' minor children or "establishing visitation rights" with the parties' minor children. There were specific blanks in the form for the former husband to mark in order to request that the trial court limit or prohibit visitation between the former wife and the children. The former husband did not mark these blanks. Nothing included by the former husband in the petition for the injunction otherwise requested that the former wife be denied any visitation with the children-it never mentioned visitation. With regard to custody, the petition form also had blanks to mark in order to request temporary exclusive custody of the parties' children. These blanks were not marked. The former husband's conclusion in the narrative portion of section III, in which the petitioner was supposed to describe the latest act of domestic violence committed by the respondent, did not directly ask that temporary exclusive custody of the children be granted to the former husband to the exclusion of any visitation by the former wife. In light of his failure to mark the blanks that were specifically provided for requesting temporary exclusive custody and a prohibition of visitation, the ambiguous language which the former husband set forth outside the section concerning his prayer for relief was insufficient to put the former wife on notice that the trial court could award custody of the children to the former husband and prohibit all visitation at the final hearing.
Second, the former husband did not file a UCCJA Affidavit or otherwise incorporate the required provisions in his petition. The petition clearly stated: "If you are asking the court to determine issues of temporary custody with regards to a minor child, you must also complete and file a Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit." Such a filing or incorporation was required by section 741.30(3)(d), Florida Statutes (1999). Under the facts of the present case, the lack of that filing or incorporation, coupled with the limited prayer for relief, established that the former wife was not placed on notice that issues of temporary custody and visitation would be addressed.
Finally, we note that the four children's best interests were not addressed at the hearing on the injunction. Section 741.30(6)(a)3., Florida Statutes (1999), provides:
Upon notice and hearing, the court may grant such relief as the court deems proper, including an injunction:
. . . .
3. On the same basis as provided in chapter 61, awarding temporary custody of, or temporary visitation rights with regard to, a minor child or children of the parties.
The four children's best interests were probably envisioned by the judge, but those considerations are not apparent on the face of the record. Cf. Bader v. Bader, 639 So.2d 122 (Fla. 2d DCA 1994).
Reversed and remanded.
FULMER, A.C.J., and DAVIS, J., concur.
NOTES
[1] Section IV, addressing the use and possession of the home, and section VI, addressing temporary support, were inapplicable in the present case.