823 So.2d 323 (2002)
In the Interest of A.W.P., Jr., a Child.
A.W.P., Sr., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D01-5319.
District Court of Appeal of Florida, Second District.
August 16, 2002.
Shea T. Moxon, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tanya D. Filippo, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The Department of Children and Family Services concedes A.W.P., Sr.'s argument that his due process rights were violated when the circuit court modified his visitation with his child from unsupervised to supervised without giving him reasonable notice of the hearing on the matter. The Department asks that we remand for a properly noticed evidentiary hearing on its motion to modify the visitation, at which A.W.P., Sr. may present evidence on his behalf. However, A.W.P., Sr. also contends that the court should have denied the Department's motion on its merits because the Department failed to adduce sufficient evidence to support the modification. We agree, and for this reason we simply reverse the order.
A party seeking to modify a visitation order in a dependency proceeding must meet the same burden that is applicable to modifications in domestic relations cases, that is, the party must prove that there *324 has been a substantial change in material circumstances and that modification is required to protect the child's best interests. Green v. Dep't of Health & Rehabilitative Servs., 696 So.2d 1351, 1352 (Fla. 5th DCA 1997); see also Spano v. Dep't of Children & Families, 820 So.2d 409 (Fla. 3d DCA 2002). In this case, the circuit court found that the father tested positive for cocaine in a random urine test. This finding was wholly lacking in evidentiary support. Although the Department alleged this fact in its motion to modify the visitation, and although it pressed for a ruling on its motion at the hearing, it presented no evidence whatever to support its allegation. For this reason, the court should have denied the motion.
Reversed.
FULMER and GREEN, JJ., Concur.