869 So.2d 22 (2004)
John AIELLO, Jr., Appellant,
v.
Deborah Ann AIELLO, Appellee.
No. 2D03-1822.
District Court of Appeal of Florida, Second District.
February 27, 2004.
*23 John Aiello, Jr., pro se.
M. Katherine Ramers, Dunedin, for Appellee.
STRINGER, Judge.
John Aiello, Jr., the Father, seeks review of the trial court's nonfinal order requiring supervised visitation with his minor children until the court hears a petition to modify the final judgment filed by Deborah Ann Aiello, the Mother. We do not have jurisdiction to review this nonfinal order as an interlocutory appeal. See Fla. R.App. P. 9.130(a)(3). However, we elect to treat this appeal as a petition for writ of certiorari and grant the petition.
The trial court entered a final judgment of dissolution of marriage on August 31, 2001, which provided for shared parental responsibility of the parties' four minor children with the Mother assuming primary residential responsibility and the Father exercising supervised visitation until his successful completion of the Children and Divorce Seminar. Shortly thereafter, the Father successfully completed the seminar. Pursuant to the terms of the final judgment, the Father's visitation was subsequently unsupervised. However, at some point, the Mother decided to preclude the Father from exercising his right to visitation with the children.
At the time of the hearing on March 17, 2003, the following motions were pending: (1) the Father's emergency motion for enforcement of the final judgment, (2) the Mother's supplemental petition to modify the final judgment, (3) the Mother's motion for contempt, and (4) the Mother's motion to temporarily abate visitation. While all of these motions were noticed for hearing on March 17, 2003, the trial court expressly refused to consider any but the Father's emergency motion for enforcement of the final judgment. The trial court denied the Father's motion as moot because it sought visitation for two weekends that had already passed. Instead of concluding the hearing, however, the court attempted to get the parties to compromise regarding visitation and eventually ordered the Mother to allow the Father to have supervised visitation with the children until her supplemental petition and other motions were heard.
Pursuant to the final judgment of dissolution, the Father had a right to unsupervised visitation with the children at the time of the hearing on his petition to enforce that right. While purporting to consider only the Father's petition to enforce the final judgment, the trial court effectively modified the final judgment. Florida courts have repeatedly held that it is a violation of a parent's due process rights for a court to temporarily modify child custody without providing the parent notice and the opportunity to be heard. See Ryan v. Ryan, 784 So.2d 1215, 1217-18 (Fla. 2d DCA 2001); Wilson v. Roseberry, 669 So.2d 1152, 1154 (Fla. 5th DCA 1996); Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995). This rationale plainly applies to a temporary modification of visitation. Furthermore, there are no allegations of an emergency that would justify violating the Father's due process rights. See Loudermilk v. Loudermilk, 693 So.2d 666, 668 (Fla. 2d DCA 1997) ("[S]uch an order requires an emergency situation such as where a child is threatened with harm, or where the opposing party plans to improperly remove the child from the state.").
In order to merit certiorari relief, an error must rise to the level of a departure from the essential requirements of the law and it must not have an adequate remedy on direct appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, *24 1099 (Fla.1987). An error is a departure from the essential requirements of the law if it is a violation of a clearly established principle of law that results in a miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). As stated above, modification of the final judgment without notice and opportunity to be heard is a violation of a clearly established principle of law. It is also a miscarriage of justice because it violates the Father's due process rights. Furthermore, the Father will have no adequate remedy on direct appeal for the temporary interference with his visitation. Accordingly, we grant the Father's petition for writ of certiorari and quash the trial court's order.
Petition granted; order quashed.
SILBERMAN and CANADY, JJ., Concur.