10 So.3d 134 (2009)
In the Interest of A.W.P., JR., a child.
A.W.P., Sr., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D08-4165.
District Court of Appeal of Florida, Second District.
March 20, 2009.
A.W.P. Sr., pro se.
Bill McCollum, Attorney General, Tallahassee, and Kelley Schaeffer, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Anne-Leigh Gaylord Moe and Keith D. Skorewicz of Bush Ross, P.A., Tampa, for Amicus Curiae Sister Anne Dougherty.
SILBERMAN, Judge.
A.W.P., Sr. (the father), appeals a nonfinal Order Approving Educational Plans that prohibits him from having any visitation with his teenage son, A.W.P., Jr., *135 while his son is attending a military academy in Indiana. The Department of Children and Family Services (the Department) concedes that the father's right to due process was violated. Sister Anne Dougherty, a co-custodian of the child, filed the Motion for Order Approving Educational Plans. This court, on its own motion, permitted Dougherty to file an amicus curiae brief. She contends that no due process violation occurred. We treat the appeal as a proceeding on a petition for writ of certiorari and grant the petition because the father was not afforded due process.
The father seeks review of a nonfinal order entered after a dependency adjudication. This proceeding does not fall within the appeal of nonfinal orders authorized in Florida Rule of Appellate Procedure 9.130(a). In particular, the challenged order does not deal with custody in a family law matter under rule 9.130(a)(3)(C)(iii). See Dep't of Health & Rehabilitative Servs. v. Honeycutt, 609 So.2d 596, 597 (Fla.1992) (holding that dependency proceedings do not fall within rule 9.130(a)(3)(C)(iii)). The challenged order also does not fall within rule 9.130(a)(4), which provides that "[o]ther non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule." See Dep't of Children & Family Servs. v. Heart of Adoptions, Inc., 947 So.2d 1212, 1217 (Fla. 2d DCA 2007) (determining that an order on a motion to relinquish jurisdiction to another division of the circuit court in a dependency proceeding was not an order on an authorized motion and was reviewable by certiorari); see also E.H. v. Dep't of Children & Family Servs., 979 So.2d 363, 364 (Fla. 2d DCA 2008) (granting a petition for writ of certiorari regarding an order entered after a dependency adjudication that allowed a parent only supervised visitation). Thus, by prior order, we have converted the appeal to a certiorari proceeding. See Fla. R. App. P. 9.030(b)(2)(A), 9.040(c).
Certiorari review of a nonfinal order is limited to errors that constitute a departure from the essential requirements of law, causing irreparable injury, for which there is no adequate remedy on direct appeal. Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000); Aiello v. Aiello, 869 So.2d 22, 23 (Fla. 2d DCA 2004). In Aiello, this court granted certiorari relief when the trial court entered an order without notice and an opportunity to be heard that temporarily modified a parent's visitation rights. 869 So.2d at 24. This court stated that the parent's due process rights were violated, constituting a miscarriage of justice, and that no adequate remedy on direct appeal existed for the temporary interference with visitation. Id.
Here, the father argues and the Department concedes that the father was denied due process when the trial court entered the Order Approving Educational Plans without notice and a real opportunity to be heard. In addition, the father and the Department agree that the trial court did not address the father's right to counsel as section 39.013(9)(a), Florida Statutes (2008), requires. It is undisputed that Dougherty served her Motion for Order Approving Educational Plans on the father, who lives in New Orleans, the day before the trial court heard the motion, and she never noticed her motion for hearing. During a hearing on a different motion that the Department filed, the trial court also considered Dougherty's motion. In her amicus curiae brief, Dougherty asserts that the father's due process rights were not violated because the challenged order did not change his visitation rights but merely restated them. We cannot agree.
*136 Dougherty contends that because a prior order restricted the father to visitation supervised by Hillsborough Kids, Inc. (HKI), and because HKI does not operate outside Hillsborough County, the order prohibiting any visitation in Indiana does not modify his rights. The prior order of supervised visitation did not envision, however, that the child would later reside outside Hillsborough County and outside the State of Florida for the majority of the year. The challenged order, in fact, specifically prohibits the father from exercising any visitation rights while his son is at the military academy in Indiana. Unlike Dougherty, the Department acknowledges that the challenged order modifies the father's visitation rights. The father was entitled to notice and an opportunity to be heard on Dougherty's motion that specifically requested "[t]hat the father be denied visitation with the child while the child resides at [the military academy], where the father is outside the supervision of this Court."
Because the father was denied due process, we grant certiorari relief and quash the Order Approving Educational Plans.[1]
Petition granted and order quashed.
CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] We also observe that this is not the first time during the course of these proceedings that the father has not been afforded due process regarding his visitation rights. See A.W.P., Sr. v. Dep't of Children & Family Servs., 823 So.2d 323 (Fla. 2d DCA 2002).