EVANDER, J.
Marc Winthrop (the father) appeals from an order that substantially restricted his rights of contact with his thirteen-year-old daughter, Talia. We quash that part of the trial court’s order requiring the father’s in-person contact with the child to take place in a “therapeutic environment.” The record reflects that the trial court’s order was entered after a hearing in which the only matter to be addressed was Thanksgiving contact. As such, the trial court’s imposition of additional restrictions on the father’s right to in-person contact *1000 with his daughter was violative of the father’s due process rights.
In 2000, a final judgment of paternity was entered determining that Winthrop was the legal and natural father of Talia and providing for shared parental responsibility. The parties’ relationship has been extremely acrimonious resulting in a significant amount of litigation regarding the parties’ time-sharing rights. In 2011, the parties resolved a modification proceeding by a court-approved stipulation, in which it was agreed that Talia would reside primarily with her mother in Florida. The father, a New York resident, would, inter alia, be entitled to have reasonable contact and access with the minor child when he was in Central Florida. The agreement further provided that the father would be entitled to have the child with him in New York for the Thanksgiving holiday weekend in even-numbered years.
Talia has been battling cancer for the past six years. She has been treated at Sloan-Kettering Cancer Center in New York City, as well as Arnold Palmer Children’s Hospital in Orlando, Florida. Unfortunately, her medical condition worsened in 2012.
On November 1, 2012, the father filed an emergency motion to establish Thanksgiving contact. The father wished to pick-up Talia and fly with her to New York for ten days. The mother objected and filed an “Amended Expedited Motion for Temporary Relief and Response to Father’s Emergency Motion to Set Thanksgiving Contact.” The trial court set an evidentia-ry hearing for November 9, 2012 and advised the parties that the only matter to be addressed would be Thanksgiving contact.
During the evidentiary hearing, the trial court heard substantial testimony regarding Talia’s medical condition and her desire to “not see her father.” The trial court’s ensuing order provided that Talia would not be required to fly to New York for the Thanksgiving holiday. We find no error in the trial court’s determination of that issue.[1] However, the trial court went on to find that until there was family counseling between the parties and the minor child, all future contact between the father and the child was to take place in a therapeutic setting:
That until further Order of the Court, all contact (other than telephone and Skype and other contact as be necessary for medical treatment, hospital visitation, and medical counseling and discussion), between the minor child and her Father be in a therapeutic environment.
We agree with the father that the trial court’s order violated his due process rights by significantly modifying his time-sharing rights when the only matter to be addressed at the November 9, 2012 hearing was the upcoming Thanksgiving contact. See, e.g., Ryan v. Ryan, 784 So.2d 1215, 1217 (Fla. 2d DCA 2001) (“A parent has a constitutional right to the due process of law, including notice and an opportunity to be heard, in a proceeding that affects the parent’s custody of his or her children.”) (citing Shaw v. Shaw, 455 So.2d 1156 (Fla. 5th DCA 1984); see also Aiello v. Aiello, 869 So.2d 22 (Fla. 2d DCA 2004) (holding that father’s due process rights were violated when trial court, while purporting to consider only father’s emergency motion for enforcement of final judgment regarding child visitation, effectively modified judgment by ordering mother to allow father to have supervised visitation until court heard mother’s petition to modify judgment; father had right to unsupervised visitation under judgment, father was not given notice and opportunity to be *1001 heard regarding imposition of supervised visitation, and there were no allegations of an emergency that would justify violating the father’s due process rights); Gelato v. Basch, 658 So.2d 664, 665 (Fla. 4th DCA 1995) (holding that mother’s due process rights were violated when temporary change of custody was ordered at hearing that concerned only mother’s motion to allow her fiancée to move into her house with the children).
Accordingly we quash that portion of the trial court’s order requiring that further in-person contact between the father and his daughter occur in a therapeutic environment. We otherwise affirm the trial court’s order.[2]
AFFIRMED, in part; REVERSED, in part; and REMANDED.
LAWSON and COHEN, JJ„ concur.

. Given the child's medical condition, it is reasonable for the trial court to conclude that the child should not be required to travel to New York.

. Although somewhat ambiguous, we conclude that the trial court’s order did not limit the father's right to telephone and Skype contact with Talia to matters "necessary for medical treatment, hospital visitation, and medical counseling and discussion.”