NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JACQUELYN A. ASTEBERG f/k/a       )
JACQUELYN RUSSELL,                )
                                  )
          Petitioner,             )
                                  )
v.                                )     Case No. 2D13-5890
                                  )
JEFFREY L. RUSSELL,               )
                                  )
          Respondent.             )
_____)

Opinion filed August 1, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; John S. Carlin,
Judge.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa; and Rana Holz of
Rubinstein & Holz, P.A., Fort Myers, for
Petitioner.

No appearance for Respondent.


BLACK, Judge.

          Jacquelyn Asteberg (Former Wife) seeks certiorari review of the lower

court's order rendered on November 22, 2013, requiring her to submit to a psychological

examination.  The Former Wife asserts that the lower court departed from the essential

requirements of the law by ordering the evaluation when it had not been established that her mental condition was in controversy and where there had been no showing of good cause as required by Florida Rule of Civil Procedure 1.360. Additionally, the Former Wife asserts that the lower court denied her due process right to notice since she was not advised prior to the hearing that her mental condition was at issue. We agree and grant the petition.[1]

On October 30, 2013, a hearing was held on the Former Wife's motion for leave to file an amended answer and motion for leave to file a counterpetition. At the hearing it was revealed that the minor child had chosen not to visit the Former Husband since June 2013. Though the Former Husband wished to see his child, the Former Husband did not want to force her to see him. The lower court surmised that if the Former Wife was indeed supportive of the child's relationship with the Former Husband, he would be able to see his child pursuant to the timesharing order. The lower court emphasized that the Former Wife is responsible for promoting the child's relationship with the Former Husband because she has primary residential custody of the child. Thereafter, the lower court sua sponte ordered the Former Wife to undergo a psychological evaluation. The court made no findings to support its ruling.

"Certiorari jurisdiction lies to review an order compelling a mental examination." J.B. v. M.M., 92 So. 3d 888, 889 (Fla. 4th DCA 2012); see also Vo v. Bui, 680 So. 2d 601, 601 (Fla. 2d DCA 1996). Rule 1.360(a)(1) provides that "[a] party may request any other party to submit to . . . examination by a qualified expert when the

_____

[1]The Former Wife also requests an order from this court reassigning this case to another circuit judge. However, as conceded by the Former Wife, this issue is not properly before this court pursuant to the petition for writ of certiorari.

condition that is the subject of the requested examination is in controversy." An examination under the rule "is authorized only when the party submitting the request has good cause for the examination." Fla. R. Civ. P. 1.360(a)(2). "This court has found that to be 'in controversy,' the condition must directly involve a material element of the cause of action and that to show 'good cause' for the examination, it must be demonstrated that expert medical testimony is necessary to resolve the issue." Williams v. Williams, 550 So. 2d 166, 167 (Fla. 2d DCA 1989) (citing Gasparino v. Murphy, 352 So. 2d 933, 935 (Fla. 2d DCA 1977)).

The Former Wife's mental condition was certainly not a material element of her motions to file an amended answer and a counterpetition. Additionally, there were no allegations regarding her mental condition made at the hearing, and the court did not make any findings regarding such. At most, the transcript of the hearing demonstrates that the lower court believed that the Former Wife was not supporting or otherwise promoting the child's relationship with the Former Husband since the child was choosing not to see the Former Husband. Such does not demonstrate that the Former Wife's mental health was in controversy nor demonstrate good cause for a psychological evaluation. See id. at 168 ("Conclusory allegations alone do not put the appellant's mental health 'in controversy' nor demonstrate 'good cause' for submission to examination."); Wade v. Wade, 124 So. 3d 369, 375 (Fla. 3d DCA 2013) ("A parent's mental state is typically at issue in a custody hearing only when there are verified allegations that the parent in question is having mental problems that could substantially impact his or her ability to properly raise children."). Further, the lower court did not modify custody or timesharing, indicating that it did not in fact have good cause to

believe that the Former Wife's behavior was adversely affecting the child. See Wade, 124 So. 3d at 376 ("[T]he trial court ordered that the children should go home with the Mother for visitation the very same afternoon that it ordered her to undergo a mental evaluation. Thus, the trial court clearly did not think there was 'good cause' to believe that the Mother's mental status jeopardized the children's well-being.").

Notwithstanding the foregoing, the lower court also departed from the essential requirements of the law in ordering the mental evaluation without notice to the Former Wife that her mental condition was at issue. See Florida Bar v. Centurion, 801 So. 2d 858, 863-64 (Fla. 2000) (holding that the Bar failed to properly notice the attorney that his mental health was at issue prior to requiring him to undergo a mental evaluation); A.W.P. v. Dep't of Children & Family Servs., 10 So. 3d 134, 135-36 (Fla. 2d DCA 2009) (holding that the nonfinal order, effectively modifying the father's visitation, entered without notice or real opportunity to be heard, violated the father's right to due process, entitling him to certiorari relief); Aiello v. Aiello, 869 So. 2d 22, 23-24 (Fla. 2d DCA 2004) (holding that the temporary modification of the father's visitation without notice and opportunity to be heard violated the father's right to due process, entitling him to certiorari relief).

Accordingly, the petition for writ of certiorari is granted, and the lower court's order is quashed to the extent that it requires the Former Wife to undergo a psychological evaluation.

Petition granted; order quashed in part.


VILLANTI and MORRIS, JJ., Concur.