SUAREZ, C,J.
The Department of Children and Families [“DCF”] seeks a writ of certiorari to review a non-final order of the circuit court, Juvenile Division, granting supervised visitation to both parents over DCF’s objection. We grant the petition, quash the visitation order, and remand for an eviden-tiary hearing on modification of the “no contact” shelter order, pursuant to proper motion and notice to the parties.
The-youngest child,.Z.I., was examined by Child Protective Services and was found with belt buckle marks and bruising consistent with beatings. Following -a March 9, 2017 shelter hearing for Z.I. and his three siblings, the court denied .both parents’ visitation and ordered no contact with the parents based on explicit findings of “egregious physical abuse” (mother) and “failure to protect” (father). The children were placed in the care of a great aunt.
On March 27, a dependency petition'filing- hearing was’ scheduled at which the parents were to be served with the petition for dependency. This was for the purpose of serving the petition to the parents, having them confer with their attorneys, be sure all the information‘was correct, and to determine if they wished to plead to the petition or try to resolve it at another hearing. The transcript of the hearing shows that the judge acknowledged this was the sole purpose of the hearing,' that any denial of the petition was premature as arraigriment was set for' the following week'.
At this preliminary, petition hearing, the attorney for the father asked to discuss visitation. The attorney for the .mother joined in that request. The court continued with the petition hearing and then asked, “ok, all right, so what’s the issue with visitation?” DCF immediately objected to addressing the issue of visitation because this hearing was merely to serve the dependency petition, the parents had not filed any motion for modification of visitation, and no notice was provided to DCF that visitation would be challenged.
The trial court allowed the parents’ attorneys to argue that they were entitled to visitation because they had not had visitation since the children were sheltered two weeks earlier, and that the next court date on April 3, 2017, one week later, meant yet *268 another week without visitation. Counsel for the parents argued that visitation should have been addressed at the shelter hearing, insisted that their clients had a right to visitation, and asked for supervised visitation. The trial court admitted that he did not have a chance to look at the visitation issue because that court was not prepared to deal with visitation at the petition healing.
DCF’s counsel continued to object to any modification of visitation from the initial “no contact” order because, 1) DCF had not been noticed by motion that the parents would seek modification of visitation at the petition hearing; 2) the parents’ counsel were present at the shelter hearing where DCF presented evidence and probable cause to shelter the children; and 3) the shelter judge did determine the visitation rights of the parents at the shelter hearing. At the end of the petition hearing, the trial court judge granted both parents supervised visitation once a week until therapeutic visitation could be established. DCF seeks to quash that order.
The record shows that the no-contact shelter order was supported by the Child Protective Services affidavit attesting to the child’s injuries, as well as evidence provided by DCF’s investigation. Section 39.402(9)(a), Florida Statutes (2016) provides:
At any shelter hearing, the department shall provide to the court a recommendation for scheduled contact between the child and parents, if appropriate. The court shall determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child. ... § 39.402, Fla. Stat. (2016).
This procedure was followed at the shelter hearing, at which the shelter judge determined there was clear and convincing evidence that visitation was not in the best interests of the child.
Furthermore, a party seeking to modify a visitation order in a dependency proceeding must meet the same burden that is applicable to modifications in domestic relations cases, that is, the party must prove that there has been a substantial change in material circumstances and that modification is required to protect the child’s best interests. See In re A.W.P., Jr. v. Dep’t Children and Family Servs., 823 So.2d 323, 324 (Fla. 2d DCA 2002) (remanding for properly noticed evidentiary hearing on a motion for modification of visitation, and to provide evidence of substantial change in material circumstances and proof that modification is in the best interest of the child); Green v. Dep’t of Health & Rehabilitative Servs., 696 So.2d 1351, 1352 (Fla. 5th DCA 1997) (same); see also Spano v. Dep’t of Children and Families, 820 So.2d 409 (Fla. 3d DCA 2002).[1]
The trial court at the petition hearing erred by entertaining modification of visitation without proper notice to DCF, at a statutorily prescribed hearing designed for a different stage of the dependency process, without any proof of substantial change in circumstances in the two weeks since the shelter hearing to justify granting visitation, and no argument that a contravening visitation order would be in the best interests of the children. The parents’ only argument was that they had had no visitation since the shelter placement two weeks earlier. This does not meet the bar *269 est standards to protect the children, and directly contradicts the shelter court’s findings of “egregious physical harm,” “failure to protect,” and the resulting no-contact order at the shelter hearing.
It is clear from this record that parents’ counsels did not file any motion to modify visitation, did not properly notice DCF of intent to seek modification of visitation, and proffered no evidence at the petition hearing to support a modification of the no-contact order issued at the shelter hearing. We therefore find the petition judge’s order granting supervised visitation to be a departure from the essential requirements of the law, grant the petition for certiorari, quash the visitation order on review, and remand for proper notice and an evidentiary hearing to determine if modification of visitation from the initial no-contact order is warranted.

. In light of the statutory obligations and clear case law on the issue of modification of visitation, it was inappropriate of counsel to tell the judge that "I don’t have to file a motion for every little thing,” in response to DCF’s objection that it had not been properly noticed.