# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1052
Lower Tribunal No. 17-15773
_____


**A.M., the Mother,**
Petitioner,

vs.

**Department of Children and Families, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Carlos Lopez and Orlando A. Prescott, Judges.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for petitioner.

Thomasina F. Moore, Statewide Director of Appeals, and Laura J. Lee, Senior Attorney, Appellate Division (Tallahassee), for respondent Guardian ad Litem; Karla Perkins, for respondent Department of Children & Families.


Before LOGUE, MILLER and LOBREE, JJ.

PER CURIAM.

Petitioner, A.M. (the "mother"), seeks certiorari review of the lower court's modification of her visitation rights in the dependency proceedings below. We agree that this modification was made without adequate notice and quash the order on review.

In October 2019, the trial court issued an order giving the mother the right to unsupervised visitation with her children. At a hearing in June 2020, where the children's father sought the same rights, the trial court learned that the mother had been having unsupervised visitation with the children for months. The trial court asserted that in the interim it had signed an order suspending all in-person visitations with children, requiring visits to be virtual because of Covid-19. The Department of Children and Families (the "Department") clarified that, due to and during the Covid-19 pandemic, the court had administratively suspended its supervision of allowed in-person visits and required that they be conducted virtually. A request was made that, if in-person visits were to resume, they conform with Covid-19 safety measures and current administrative orders.[1] The trial court ultimately denied the

---

[1] At the time of this hearing, the operative administrative order concerning Covid-19 was In re: Comprehensive Covid-19 Emergency Measures for the Florida State Courts, No. AOSC20-23, Amendment 4 (Fla. June 16, 2020) (continuing suspension of in-person visits *unless "all parties and the caregiver agree"* otherwise) (emphasis added). The current administrative order contains the same provision. See In re: Comprehensive Covid-19 Emergency Measures for the Florida State Courts, No. AOSC20-23, Amendment 8 (Fla. Nov. 23, 2020).

father's motion, but also prohibited the mother's in-person visitation. The mother's counsel objected that the adjudication of her rights was not noticed for that hearing and was outside its scope. An order issued that day, clarifying that while the mother had the right to unsupervised visits, her visits were not to be in-person, but rather virtual and remote.

As the modification of visitation was determined in the absence of written pleadings or a duly noticed hearing, the mother was divested of her procedural due process rights. See Fla. Dep't of Children & Families v. P.I., 219 So. 3d 266, 268-69 (Fla. 3d DCA 2017) (finding trial court departed from essential requirements of law by granting modification of visitation where "counsel[] did not file any motion to modify visitation, did not properly notice [the hearing] . . . , and proffered no evidence at the petition hearing to support a modification"); Albert v. Rogers, 57 So. 3d 233, 237 (Fla. 4th DCA 2011) ("Florida courts have repeatedly held that it is a violation of a parent's due process rights for a court to modify visitation . . . unless the issue of modification is properly presented to it by written pleadings, noticed to the parties, or litigated below.") (quoting Foerster v. Foerster, 885 So. 2d 927, 929 (Fla. 2d DCA 2004)); Neumann v. Neumann, 857 So. 2d 372, 373 (Fla. 1st DCA 2003) ("It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process."); see also Schmidt v. Nipper, 287 So. 3d 1289, 1292 (Fla. 1st DCA 2020)

3

("Courts have found a due process violation that rises to the level of an illegal deprivation of the opportunity to be heard when the trial court heard matters beyond the scope of the matters noticed.").

Accordingly, we grant the petition, quash the order under review, and remand for further proceedings in accordance with this opinion.