IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KRYSTLE ODDO,

        Appellant,

v.

CHRISTOPHER ODDO,

        Appellee.

Case No.  5D22-0142
LT Case No. 2017-DR-2946-02D-W

_____/

Opinion filed June 3, 2022

Nonfinal Appeal from the Circuit Court
for Seminole County,
Susan Stacy, Judge.

Quoc Van, Sanford, for Appellant.

No Appearance for Appellee.

SASSO, J.

      Former Wife seeks review of an "Order regarding Children's Visitation,

Emotional and Mental Health," entered by the trial court on December 7,

2021. For the following reasons, we reverse in part and affirm in part the

portion of the order regarding time-sharing, reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).[1] As to the portion of the order requiring Former Wife to undergo psychological and psychiatric evaluations, which is not reviewable under rule 9.130, we treat the appeal as a petition for a writ of certiorari, grant the petition, and quash that portion of the order.[2]

The order on review was entered following Former Husband's Expedited Motion to Suspend Maternal Grandmother's Timesharing, Motion to Appoint Guardian Ad Litem and Motion to Enforce Parenting Plan and Motion to Enjoin Former Wife. The motion raised various concerns Former Husband had regarding his children's welfare and requested that the maternal grandmother's time-sharing be suspended. As to Former Wife, Former Husband sought to enjoin her from terminating the minor children's therapist. Significant to this appeal, the motion did not request a modification of either Former Husband or Former Wife's time-sharing.

---

[1] *See Hickey v. Burlinson*, 33 So. 3d 827, 829 (Fla. 5th DCA 2010) ("Thus, we conclude an order regarding visitation is an appealable, non-final order. Our conclusion reflects the majority view."); *Drago v. Drago*, 895 So. 2d 529, 529 (Fla. 4th DCA 2005) (redesignating a petition for writ of certiorari as an appeal from a nonfinal order modifying visitation rights under rule 9.130(a)(3)(C)(iii)).

[2] *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought . . . .").

The trial court ultimately held a hearing on Former Husband's motion, during which the trial court expressed its concern about Former Wife's actions. Near the end of the hearing, the trial court, on its own motion, stated that it "is suspending Former Wife's timesharing and ordering her to get a psychological and psychiatric evaluation so that [the] Court can assess [Former Wife's] ability to act in the best interest of these children." The court subsequently entered a written order modifying Former Wife's time-sharing to only one supervised visit per week and ordering Former Wife undergo psychological and psychiatric evaluations.

On appeal, Former Wife argues the trial court erred in modifying her time-sharing without notice and a meaningful opportunity to be heard, in violation of her due process rights. We agree. *See In re A.W.P., Jr.*, 10 So. 3d 134, 135–36 (Fla. 2d DCA 2009) (holding that the nonfinal order, effectively modifying the father's visitation, entered without notice or real opportunity to be heard, violated the father's right to due process, entitling him to certiorari relief); *Aiello v. Aiello*, 869 So. 2d 22, 23–24 (Fla. 2d DCA 2004) (holding that the temporary modification of the father's visitation without notice and opportunity to be heard violated the father's right to due process, entitling him to certiorari relief).

We also agree with Former Wife's similar argument that the trial court violated her due process rights by sua sponte ordering the psychological and psychiatric evaluations. *See Asteberg v. Russell*, 144 So. 3d 606, 608 (Fla. 2d DCA 2014) (concluding the lower court departed from the essential requirements of the law in ordering former wife's mental evaluation without notice to her that her mental condition was at issue); *Fla. Bar v. Centurion*, 801 So. 2d 858, 863–64 (Fla. 2000) (holding that the Bar failed to properly notice the attorney that his mental health was at issue prior to requiring him to undergo a mental evaluation).

As a result, we reverse the order on appeal as to the portion of the order modifying Former Wife's time-sharing and quash the portion of the order requiring psychological and psychiatric evaluations. In all other respects, we affirm.[3]

AFFIRMED IN PART; REVERSED IN PART; PETITION GRANTED, and ORDER QUASHED IN PART.

COHEN and TRAVER, JJ., concur.

---

[3] Because we reverse on procedural grounds, we do not reach the issue of whether the trial court could have properly modified time-sharing based on the evidence presented.