DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In the Interest of A.S., a child.

R.Z.,

Petitioner,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and
STATEWIDE GUARDIAN AD LITEM OFFICE,

Respondents.

No. 2D2025-3062

_____

March 4, 2026

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
Kim Campbell, Judge.

Ita M. Neymotin, Regional Counsel, Second District, Fort Myers; and
Jonathan Miceli, Assistant Regional Counsel, Office of Criminal Conflict
and Civil Regional Counsel, Clearwater, for Petitioner.

Bruce Bartlett, State Attorney, and Leslie M. Layne, Assistant State
Attorney, Sixth Judicial Circuit, Clearwater, for Respondent Department
of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Caitlin E.
Burke, Senior Attorney, Statewide Guardian Ad Litem Office,
Tallahassee, for Respondent Statewide Guardian ad Litem Office.


SILBERMAN, Judge.

In this petition for writ of certiorari, R.Z. (the Mother) asks that we
quash a trial court order that erroneously modified her visitation rights

without notice and a meaningful opportunity to be heard. We agree with her argument and grant the petition.

The Mother has one child, A.S. (the Child). The Child was removed from the Mother's custody on June 23, 2025, but the Mother was provided with supervised in-person visitation.

The community-based care provider (CBC) filed a judicial review social study report on July 9, 2025, and indicated that the Mother's current court-ordered visitation was "[a] minimum of 2 hours twice a week." The report lacked any written response to the following prompts concerning the Mother's visitation: "Duration of the child/parent/sibling visitation, if any, and agency recommendation for expansion or restriction of future visitation" and "Statement from current substitute caregiver regarding any material evidence concerning return of the child to the parent(s)."

The Guardian ad Litem (GAL) filed her report on July 31, 2025. The report stated that the Child was currently placed in a safe house and recommended that she remain there until permanency is achieved. The report also indicated that the Mother and the Child speak often on supervised phone calls but expressed concern that the Mother promised the Child that she will be returned to the Mother's care after the August judicial review.

The general magistrate held a judicial review hearing/permanency hearing on August 4, 2025. Following that hearing, the general magistrate entered her report and recommendations. The report noted that a shelter order and a separate court order provided the Mother with supervised visits with the Child twice per week. The report also stated that the Mother has been compliant with the ordered visitation. However, the magistrate determined that the Mother would have no in-

2

person visitation because the Child's placement facility was not recommending or providing in-person visits at that time "per their protocol." The magistrate eliminated in-person visitation even though the facility's representative acknowledged that "off-site visitation may be arranged if [the Department/CBC] supervises the visits."

The Mother timely filed exceptions to this report. The trial court held a hearing on the Mother's exceptions but ultimately denied relief and adopted the general magistrate's report and recommendations. The Mother then filed her petition for writ of certiorari.

"[A] post-dependency order that is subject to future modification for purposes of child welfare and parental visitation is a non-final order reviewable by certiorari." *M.M. v. Fla. Dep't of Child. & Fams.*, 189 So. 3d 134, 141 (Fla. 2016). The party seeking certiorari relief must establish "(1) the order 'depart[s] from the essential requirements of the law,' and (2) 'result[s] in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.' " *Id.* at 138 (alterations in original) (quoting *Keck v. Eminisor*, 104 So. 3d 359, 364 (Fla. 2012)).

A parent's due process rights are violated when a court temporarily modifies visitation rights without providing the parent notice and an opportunity to be heard. *See Aiello v. Aiello*, 869 So. 2d 22, 23-24 (Fla. 2d DCA 2004) (concluding that a parent has "no adequate remedy on direct appeal for the temporary interference with his visitation" and granting certiorari relief); *see also A.W.P., Sr. v. Dep't of Child. & Fam. Servs.*, 10 So. 3d 134, 135 (Fla. 2d DCA 2009) (citing *Aiello* and recognizing that "[t]his court stated that the parent's due process rights were violated, constituting a miscarriage of justice, and that no adequate remedy on direct appeal existed for the temporary interference with visitation"). "[A] party seeking to modify a visitation order in a

3

dependency proceeding . . . must prove that there has been a substantial change in material circumstances and that modification is required to protect the child's best interests." *Fla. Dep't of Child. & Fams. v. P.I.*, 219 So. 3d 266, 268 (Fla. 3d DCA 2017). Shelter placement locations are required to implement dependency court orders, including complying with "visitation guidelines set forth in the orders." *See Johns Hopkins All Child.'s Hosp., Inc. v. Kowalski*, No. 2D2024-0382, 50 Fla. L. Weekly D2325, D2328 (Fla. 2d DCA Oct. 29, 2025) ("As the shelter placement, [Johns Hopkins] was required to implement the dependency court orders. Those orders required [Johns Hopkins] to comply with visitation guidelines set forth in the orders, as well as to manage correspondence between Maya and Mrs. Kowalski.").

Here, the Mother's court-ordered in-person visitation was eliminated by the placement facility and then approved by the magistrate based on the facility's protocol. This was done without notice to the Mother that the magistrate would consider modifying the previously ordered in-person supervised visitation.

The trial court erred by denying the Mother's well-founded exceptions and ratifying the general magistrate's report that significantly modified the Mother's previously established visitation rights without notice or a meaningful opportunity to be heard. Upon the Child's removal from the Mother's custody, there were no restrictions that the Mother's visitation with the Child be merely telephonic. Neither the judicial review social study report nor the GAL report sought to modify the Mother's visitation. Neither report gave notice that the previously ordered in-person visitation rights would be reconsidered by the magistrate or the court at the upcoming hearings. Indeed, all documents

4

throughout this portion of the dependency proceeding consistently referenced the Mother's right to twice per week supervised visitation.

The fact that the facility unilaterally eliminated the Mother's in-person visitation based on a protocol that had not been previously disclosed, and the magistrate and the trial court approved that change without notice and a meaningful opportunity to be heard, requires that we grant the Mother's petition. Simply put, the Mother was divested of her due process rights because "the modification of visitation was determined in the absence of written pleadings or a duly noticed hearing." *See A.M. v. Dep't of Child. & Fams.*, 315 So. 3d 126, 128 (Fla. 3d DCA 2020) (citing cases); *see also P.I.*, 219 So. 3d at 268 ("[A] party seeking to modify a visitation order in a dependency proceeding must meet the same burden that is applicable to modifications in domestic relations cases, that is, the party must prove that there has been a substantial change in material circumstances and that modification is required to protect the child's best interests." (citing cases)).

Because the Mother's visitation rights were modified without adequate notice and a meaningful opportunity to be heard, we grant the petition for writ of certiorari. *See A.W.P., Sr.*, 10 So. 3d at 135-36; *Aiello*, 869 So. 2d at 24; *Cole v. Cole*, 159 So. 3d 124, 125-26 (Fla. 3d DCA 2013).

Petition granted; order quashed.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

5