PER CURIAM.
J.B., the mother, petitions this Court for a writ of certiorari following an order by the circuit court compelling her to submit to a psychological evaluation in a dependency proceeding concerning J.B.’s daughter. The respondents, M.M. and H.M., are the child’s paternal grandparents and filed a petition for dependency following the death of their son, who was the- child’s father. We find that the court departed from the essential requirements of law where good cause was not shown for ordering the evaluation and grant the petition to the extent that it seeks to quash the evaluation.
Certiorari jurisdiction lies to review an order compelling a mental examination. See In re G.D., 870 So.2d 235, 237 (Fla. 2d DCA 2004). Florida Rule of Juvenile Procedure 8.250(b) provides that:
At any time after the filing of a shelter, dependency, or termination of parental rights petition, or after an adjudication of dependency or a finding of dependency when adjudication is withheld, when the mental or physical condition, including the blood group, of a parent, legal custodian, or other person who has custody or is requesting custody of a child is in controversy, any party may request *890 the court to order the person to submit to a physical or mental examination or a substance abuse evaluation or assessment by a qualified professional. The order may be made only on good cause shown and after notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
See also § 39.407, Fla. Stat. (2011).[1] The rule articulates two requirements for receiving a mental health evaluation: (1) the mental health of the parent must be in controversy and (2) good cause must be shown.
It is uncontested that the mother suffers from schizoaffective disorder. While we agree that the mother’s mental health is sufficiently in controversy, see, e.g., S.N. v. State Dep’t of Health & Rehabilitative Servs., 529 So.2d 1156, 1159 (Fla. 1st DCA 1988), we do not find that there was “good cause” to support an evaluation. The Guardian ad Litem program attorney assigned to this case takes no position.
While we acknowledge that “past conduct” may be taken into consideration when determining whether a parent has been able to meet the needs of the child, the information relied upon regarding the mother’s alleged inability to parent her daughter is over eight years old. Id. The child is now ten. Mental illness, alone, is insufficient to demonstrate the good cause required to order a psychological evaluation. See In re T.D., 537 So.2d 173,175-76 (Fla. 1st DCA 1989) (finding, in part, that where there were no findings of abuse, abandonment or neglect, significant mental deficiencies by the mother were not enough to predicate a finding of prospective neglect in parental rights termination). Where there is scant, if any, evidence that the child is at risk of abuse, abandonment or neglect, beyond the mother’s mental illness, we find that the court departed from the law in ordering her evaluation.
We grant the petition insofar as it seeks to quash the psychological evaluation of the mother and remand for proceedings consistent with this opinion.

Petition Granted.

MAY, C.J., STEVENSON and CONNER, JJ., concur.

. Subsection (15) states: “At any time after the filing of a shelter petition or petition for dependency, when the mental or physical condition, including the blood group, of a parent, caregiver, legal custodian, or other person who has custody or is requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only upon good cause shown and pursuant to notice and procedures as set forth by the Florida Rules of Juvenile Procedure." § 39.407(15).