IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CRYSTAL L. MADDOX,

     Petitioner,

v.                               Case No.  5D14-303

ROBERT J. BULLARD,

     Respondent.

_____/

Opinion filed July 11, 2014

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
Lisa Davidson, Judge.

Daniel P. Faherty, of Telfer, Faherty,
Anderson & Hawkins, PL, Titusville, for
Petitioner.

Elizabeth C. Wheeler, of Elizabeth C.
Wheeler, P.A., Orlando, for Respondent.


ORFINGER, J.

Crystal L. Maddox seeks a writ of certiorari to quash an order compelling her to submit to a psychological examination based on her claim for damages for mental anguish after Robert J. Bullard's dog bit her.  She contends that the trial court's order departs from the essential requirements of the law in requiring a psychological examination under Florida Rule of Civil Procedure 1.360.  We grant the petition for

certiorari in part, and quash the order to the extent that it fails to comply with rule 1.360(a)(1)(B).

Rule 1.360(a) provides that an examination is authorized when the examined party's condition is in controversy, and the requesting party has good cause to request the examination. The party submitting the request must affirmatively show that "each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Boyles v. Mid-Fla. Tel. Corp., 431 So. 2d 627, 639 (Fla. 5th DCA 1983) (citing Schlagenhauf v. Holder, 379 U.S. 104 (1964)). At any hearing on the request for compulsory examination, the requesting party has the burden of affirmatively showing that both the "in controversy" and "good cause" prongs have been satisfied. E.g., Wade v. Wade, 124 So. 3d 369, 374 (Fla. 3d DCA 2013). In granting the request, rule 1.360(a)(1)(B) provides that the trial court's order for a compulsory examination "shall specify the time, place, manner, conditions, and scope of the examination."

At the hearing on Maddox's motion for protective order, the trial court granted Bullard's request for a compulsory psychological examination pursuant to the rule. However, the trial court's order specified only the time, place, and the name of the psychologist who would perform the examination. Although Maddox's counsel asked the trial court to define the boundaries of the psychologist's examination, the trial court declined to do so. The trial court's order does not specify the manner, conditions, or scope of the examination, thereby, in effect, giving the psychologist "carte blanche" to perform any type, and all manner, of psychological inquiry, testing, and analysis on Maddox for up to four continuous hours. This violates clearly established principles of

2

law, resulting in a miscarriage of justice. See In Interest of T.M.W., 553 So. 2d 260 (Fla. 1st DCA 1989) (quashing order for compelled psychological examination of child because order did not specify manner, scope or conditions of exam).

Bullard had the burden to establish good cause for each particular examination. Fla. R. Civ. P. 1.360(a)(2); Boyles, 431 So. 2d at 639. This burden was not met since Bullard did not allege or establish good cause for the examination that the psychologist wished to conduct. Without knowing the particular examinations that the psychologist planned to conduct, the trial court should not have granted Bullard's request. For these reasons, we grant the petition to the extent that the order compels Maddox to submit to a psychological examination without specifying the time, place, manner, conditions, and scope of the examination. However, we deny the petition for writ of certiorari insofar as it asks this Court to hold that the trial court may not compel Maddox to submit to a psychological examination. Bullard may seek a new order that complies with rule 1.360.

Certiorari GRANTED in part and DENIED in part; Order QUASHED.

SAWAYA and WALLIS, JJ., concur.