PER CURIAM.
Robert Barry (“Petitioner”) seeks cer-tiorari review of a trial court order requiring that he submit to a psychological evaluation. We deny the petition in part and grant it in part.
In the underlying dissolution proceeding between Petitioner and his wife, Petitioner is seeking parental responsibility of their minor children. The wife placed Petitioner’s mental condition into controversy by alleging that he made comments to his minor child suggesting that he was contemplating suicide.[1] As a result, the trial court entered an order requiring Petitioner to submit to a psychological evaluation.
Although the order does not specifically state that Petitioner’s mental condition is in controversy, or that the wife demonstrated good cause, the court made factual findings that support these conclusions. Therefore, Petitioner has not demonstrated that the trial court departed from the essential requirements of law when it ordered him to submit to a psychological evaluation. Nevertheless, since the date for the evaluation has passed and a new order will need to be entered, we note that upon remand, the court should include a specific finding that Petitioner’s mental condition is in controversy. See Wade v. Wade, 124 So.3d 369, 374-75 (Fla. 3d DCA *308 2013) (stating that a court’s failure to address the “in controversy” element in the written order may be sufficient grounds to overturn the order).
Petitioner also challenges the specificity of the order, arguing that the order was inadequate as to “the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.” See Fla. R. Civ. P. 1.360(a)(1)(A). The order states, in pertinent part: “Husband therefore shall appear at Psychological Services of St. Augustine, located at 100 S. Ponce De Leon Blvd, St. Augustine, Florida 32804, on the 5th Day of August 2014, to have a psychological evaluation performed by Dr. Jack Merwin regarding the minor children’s safety while in Husband’s care.” We find the order sufficient as to the who, when, and where of the evaluation. Despite Petitioner’s complaint that the order does not set forth the time of the evaluation, that deficiency could be easily remedied by calling the doctor’s office.
Petitioner also argues that the scope of the examination is not clearly defined. We agree. The person requesting the examination has the burden to establish good cause for each particular examination. See Maddox v. Bullard, 141 So.3d 1264, 1266 (Fla. 5th DCA 2014). And if the trial court does not know the particular examinations that the psychologist plans to conduct, it should not grant the request. See id. As this Court recently explained, the failure to specify the manner, conditions, and scope of an examination effectively gives the psychologist “carte blanche” to perform any type of psychological inquiry, testing, and analysis. See id.
Although the order in this case narrows the subject matter of the evaluation to the safety of the children while in Petitioner’s custody, it does not identify the length of the examination, the type of testing, or whether the testing is limited to “methods routine to the profession.” See In re T.M.W., 553 So.2d 260, 261 (Fla. 1st DCA 1989) (“Even assuming we might rely on other evidence in the record to clarify the terms of the order or to infer a limitation to methods routine to the profession, or perhaps a limitation to interview or written testing of the child alone, the record is ambiguous as to those limitations.”)
Accordingly, we grant the petition in part so that the trial court can specify the scope of the testing.
PETITION GRANTED IN PART; DENIED IN PART; REMANDED.
PALMER, LAWSON and COHEN, JJ., concur.

. No transcript of the hearing was supplied.