IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEFFREY JORDAN,

      Petitioner,

v.                                                                                    Case No.  5D15-3915

LISA JORDAN,

      Respondent.

_____/

Opinion filed March 4, 2016

Petition for Certiorari Review of Order from
the Circuit Court for Hernando County,
Curtis J. Neal, Judge.

Audrey A. Jefferis, of Law Office of Audrey
Jefferis, PA, New Port Richey, for
Petitioner.

Robert B. Snow, of Robert Bruce Snow,
P.A., Brooksville, for Respondent.


PER CURIAM.

      Jeffrey Jordan ("Petitioner") seeks certiorari review of an order requiring him to

submit to a psychosexual examination, which emanates from dissolution of marriage

proceedings with Lisa Jordan ("Respondent").  The trial court rendered the order

concluding that "a psycho-sexual evaluation is essential to enable the Court to adequately

direct the Father's contact with the children."  We grant the petition for certiorari because

the order under review departs from the essential requirements of the law, resulting in a miscarriage of justice.

Petitioner argues that good cause for the order was never established and that the trial court failed to make the finding that his mental condition was in controversy. The order does not address either requirement, and "[t]his alone may be sufficient to overturn the trial court's order." Wade v. Wade, 124 So. 3d 369, 375 (Fla. 3d DCA 2013). Without a transcript of the hearing, we are unable to determine from the record before us whether sufficient evidence was presented to support these two requirements.

We also believe that the scope of the order is too broad. The order requires that Petitioner undergo an examination without specifying what that entails in terms of, for example, "the length of the examination, the type of testing, or whether the testing is limited to 'methods routine to the profession.'" Barry v. Barry, 159 So. 3d 306, 308 (Fla. 5th DCA 2015) (quoting In re T.M.W., 553 So. 2d 260, 261 (Fla. 1st DCA 1989)). As this court explained in Maddox v. Bullard, 141 So. 3d 1264 (Fla. 5th DCA 2014):

> The trial court's order does not specify the manner, conditions, or scope of the examination, thereby, in effect, giving the psychologist "carte blanche" to perform any type, and all manner, of psychological inquiry, testing, and analysis on Maddox for up to four continuous hours. This violates clearly established principles of law, resulting in a miscarriage of justice.

Id. at 1266.

Accordingly, we grant the petition and quash the order under review. We remand this case to the trial court for further proceedings. If Respondent persists in her request for an examination, a hearing should be held and appropriate findings of fact made in accordance with this opinion.

2

PETITION GRANTED; ORDER QUASHED; REMANDED.

SAWAYA, PALMER and LAMBERT, JJ., concur.