# Third District Court of Appeal

## State of Florida

Opinion filed April 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-83
Lower Tribunal No. 06-10469
_____

**Gabriel Espinosa,**
Petitioner,

vs.

**D.H. Griffin Construction Company, LLC,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Crabtree & Auslander, John G. Crabtree, Charles M. Auslander and Brian C. Tackenberg; Maria L. Rubio, for petitioner.

Restani, Dalmanieras & Hauser, Charles M-P George and Maria E. Dalmanieras, for respondent.


Before ROTHENBERG, SALTER and EMAS, JJ.

EMAS, J.

Petitioner seeks a writ of certiorari quashing the trial court's order granting respondent's motion for a psychiatric examination of petitioner pursuant to Florida Rule of Civil Procedure 1.360. We grant the petition.

> The two essential prerequisites that must be clearly manifested in seeking a compulsory mental or physical examination of an opposing party are: (1) that the opposing party's mental condition is "in controversy," meaning directly involved in some material element of the cause of action or a defense, and (2) that "good cause" be shown, or that the mental state of opposing party, even though "in controversy," cannot adequately be evidenced without the assistance of expert medical testimony.

Wade v. Wade, 124 So. 3d 369, 374 (Fla. 3d DCA 2013) (quoting Gasparino v. Murphy, 352 So. 2d 933, 935 (Fla. 2d DCA 1977)). Both prongs must be established by the requesting party before a compulsory examination can be permitted under rule 1.360. Maddox v. Bullard, 141 So. 3d 1264, 1266 (Fla. 5th DCA 2014)

We conclude that the trial court did not depart from the essential requirements of law in determining that "the condition that is the subject of the requested examination is in controversy." Fla. R. Civ. P. 1.360(a)(1); Wade, 124 So. 3d at 374-75.

However, we agree with petitioner that the trial court departed from the essential requirements of law in its determination that there is "good cause" for the examination. See Fla. R. Civ. P. 1.360(a)(2). The record below establishes that, in finding the "good cause" requirement had been met, the trial court did not consider

2

or evaluate (nor had respondent set forth with sufficient specificity or limitation[1]) the scope of the psychiatric examination. Instead, the trial court instructed counsel to attempt to reach an agreement on the scope of the examination and, in the absence of such an agreement, to obtain a further order of the trial court before the psychiatric examination would be conducted.

However, it was improper to bifurcate the interrelated concepts of good cause and scope of examination. As the Fifth District has acknowledged, integral to the good cause determination is "knowing the particular examinations that the psychologist planned to conduct." Maddox, 141 So. 3d at 1266. The movant has the burden of establishing good cause for each particular examination. Id. Until the movant specifies the scope of the requested examination, the trial court is unable to determine whether movant has established good cause for each particular examination. "[I]f the trial court does not know the particular examinations that the psychologist plans to conduct, it should not grant the request." Barry v. Barry, 159 So. 3d 306, 308 (Fla. 5th DCA 2015). Although the respondent in its motion does specifically identify several potential examinations or tests, the language is open-ended ("make such examination or tests, including . . . ."), creating merely

---

[1] The motion for psychiatric examination indicated that the psychiatrist would "make such examination or tests, including written tests, completing health forms, The Minnesota Multiphase Personality Inventory (MM[P]I), and interview. . . , as may be necessary to ascertain the extent of his psychiatric condition." (Emphasis added.)

3

the appearance of a specified and limited scope. Under the language employed in the motion, the psychiatrist would be permitted to perform other examinations or administer other tests which are not contained within the specific examples listed. More to the point, these may include examinations or tests which the trial court may not have considered (or intended to permit) in its determination of good cause.

Petition granted; order quashed.