IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


NANCY MANUBENS,

   Petitioner,

 v.              Case No.  5D15-4081

CLAUDIO MANUBENS,

   Respondent.

_____/

Opinion filed August 19, 2016

Petition for Certiorari Review
of Order from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Mark A. Skipper, of Law Office of Mark A
Skipper, Orlando, for Petitioner.

Sherri K. DeWitt, of Dewitt Law Firm, P.A.,
Orlando, for Respondent.


PALMER, J.

  Nancy Manubens (the wife) seeks certiorari review of a circuit court order directing

her to submit to a psychological evaluation. We grant the petition because the order is

overly broad and the trial court failed to make the necessary findings to support its ruling.[1]

---

  [1] The record does not contain a transcript of the hearing conducted below;
therefore, we cannot rule on the wife's claim that the evidence presented at the hearing
was insufficient to support the trial court's ruling.

Claudio Manubens (the husband) filed a Verified Petition for Dissolution of Marriage and Other Relief. In the petition, the husband requested shared parental responsibility of the parties' children; four children were born of the marriage and three children were adopted.

Later, the husband filed an unverified Motion for Psychological Evaluation which alleged: (1) the evaluation would help the court determine the psychological parent; (2) the wife was denying and/or restricting the husband's timesharing; (3) the wife was engaging in parental alienation; (4) the wife's behavior had become erratic; (5) the husband believed that the wife had a psychological disorder that prevented her from being able to properly care for the children; and (6) the wife said that she should hire a "hit man" to take out the husband's girlfriend.

After conducting a hearing, the trial court granted the motion, explaining that the motion was granted because the wife was homeschooling the children.

"Certiorari jurisdiction lies to review an order compelling a mental examination." J.B. v. M.M., 92 So. 3d 888, 889 (Fla. 4th DCA 2012). However, certiorari relief can only be granted if the trial court's order amounts to a departure from the essential requirements of the law, resulting in a miscarriage of justice. In re G.D., 870 So. 2d 235, 237 (Fla. 2d DCA 2004).

In this family law context, the essential requirements of the law relating to psychological evaluations are set forth in rule 12.360 of the Florida Family Law Rules of Procedure. That rule provides that "Florida Rule of Civil Procedure 1.360 shall govern general provisions concerning the examination of persons in family law matters, except that examinations permitted under rule 1.360(a)(1) may include . . . examinations

2

involving . . . mental condition . . . ." Rule 1.360(a)(1) provides that "[a] party may request any other party to submit to . . . examination by a qualified expert when the condition that is the subject of the requested examination is in controversy." Further, an examination under rule 1.360(a) "is authorized only when the party submitting the request has good cause for the examination." Fla. R. Civ. P. 1.360(a)(2). At any hearing on the request for a compulsory examination, the party submitting the request has the burden of showing that both the "in controversy" and "good cause" prongs have been satisfied. In re G.D., 870 So. 2d at 237. The burden of proof is heightened when the party subject to the request for an examination has not voluntarily placed that issue in controversy. Wade v. Wade, 124 So. 3d 369, 373 n.3 (Fla. 3d DCA 2013).

The wife claims that the order in question should be quashed because: (1) the trial court made no findings that her mental health was in controversy; and (2) the language of the order is too broad because it does not identify the length of the examination, the type of testing, or whether the testing is limited to "methods routine to the profession." We agree.

The order in question states that, due to the fact that the wife homeschools the children, a psychological evaluation of the wife was warranted. The order further states:

> Since this Court denied the Husband's Expedited Motion For Children to Attend Public School, and ordered that the children continue being homeschooled, by the Wife, the psychological evaluation should include determining if the Wife is capable of having successful and positive homeschooling environment and further, if she is capable of performing the duties effectively to continue homeschooling the children.

The trial court's order does not address either the "in controversy" or the "good cause" requirements of rule 1.360. That fact alone is sufficient to overturn the trial court's order.

3

Wade, 124 So. 3d at 375 (citing Russenberger v. Russenberger, 639 So. 2d 963, 965 (Fla. 1994)).

Additionally, the wife correctly argues that the scope of the order is too broad. Although the order narrows the subject matter of the evaluation to the wife's ability to homeschool the children, it does not specify what that entails, such as the length of the examination, the type of testing, or whether the testing is limited to "methods routine to the profession." In re T.M.W., 553 So. 2d 260, 261 (Fla. 1st DCA 1989). As we previously explained in Maddox v. Bullard, 141 So. 3d 1264 (Fla. 5th DCA 2014), the failure of an order to specify the manner, conditions, and scope of an examination effectively gives the psychologist "carte blanche" to perform any type of psychological inquiry, testing, and analysis and, as such, an open-ended order departs from the essential requirements of the law, resulting in a miscarriage of justice.

Accordingly, we grant the wife's petition and quash the trial court's order.

PETITON GRANTED.

SAWAYA and LAMBERT, JJ., concur.

4