Gerber, J.
The plaintiff in an employment discrimination action petitions for a writ of certiorari to quash two discovery orders. The two orders, respectively, compel the plaintiff to: (1) undergo a four hour mental health examination by a psychiatrist; and (2) produce calendars in which she maintained a record of events occurring in her work place as well as typed notes she prepared from said calendars. On the second order as to the calendars and notes, we deny the petition without further comment. On the first order, we grant the petition in part.
“Certiorari jurisdiction lies to review an order compelling a mental examination.” J.B. v. M.M., 92 So.3d 888, 889 (Fla. 4th DCA 2012). “However, certiorari relief can only be granted if the trial court’s order amounts to a departure from the essential requirements of the law, resulting in a miscarriage of justice.” Manubens v. Manubens, 198 So.3d 1072, 1074 (Fla. 5th DCA 2016) (citation omitted).
The first order grants the “Defendant’s Motion to Compel Plaintiff to Submit to a Rule 1.360 Mental Examination” merely by using the following language:
ORDERED AND ADJUDGED:
Defendant’s Motion to Compel Plaintiff to Submit to IME is hereby GRANTED. The Defendant shall notice Plaintiff of the examination (which is limited to four (4) hours) in accordance with Rule 1.360.
Although we agree with the court’s decision to grant the motion based on its review of the defendant’s motion and the plaintiffs response, the’ form of the court’s order nevertheless fails to comply with Florida Rule of Civil Procedure 1.360(a)(1)(B) (2016), which states, in pertinent part:
The order for examination shall be made only after notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
Fla. R. Civ. P. 1.360(a)(1)(B) (2016) (emphasis added); see also Manubens, 198 So.3d at 1075 (“[Tjhe failure of an order to specify the manner, conditions, and scope of an examination effectively gives the psychologist ‘carte blanche’ to perform any type of psychological inquiry, testing, and analysis and, as such, an open-ended order departs from the essential requirements of *1198 the law, resulting in a miscarriage of justice,”) (citation omitted).
The defendant may seek a new order which complies with rule 1.360(a)(1)(B) to replace the first order. We deny the petition' in all other respects as to the first order without further comment.

Petition granted in part, denied in part.

Gross and Levine, JJ., concur,