IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEPHEN CURTIS,

      Appellant,

 v.                                    Case No.  5D17-1024

TAYLOR REINHARDT O/B/O R.B.C.,

      Appellee.

_____/

Opinion filed February 2, 2018

Appeal from the Circuit Court
for Brevard County,
George Paulk, Judge.

Douglas D. Marks, of Boyd & Marks, L.L.C.,
Melbourne, for Appellant.

Elizabeth Siano Harris, of Harris Appellate
Law Office, Mims, for Appellee.


WALLIS, J.

Stephen Curtis appeals the final judgment of injunction for protection against sexual violence entered against him and in favor of appellee, Taylor Reinhardt, on behalf of R.B.C., a minor child. Curtis asserts three grounds for reversal on appeal. We affirm on all grounds except for the challenge that the order for Curtis to undergo a psychosexual evaluation was overbroad. Accordingly, we reverse and remand for the trial court to enter a compliant order.

We share the trial court's concerns that there is a "motive to fabricate" facts due to the dynamic playing out in this domestic dispute and that the "child is very young and susceptible to manipulation." However, we recognize that the trial judge serves as the fact-finder with regard to the injunction and, in this case, found the testimony of the child credible and consistent concerning the occurrence of the sexual act. Thus, competent, substantial evidence supports the injunction. Instead, we write to address the ambiguity present in the order for the psychosexual evaluation.

The trial court order states that Curtis "shall submit himself for a psychosexual evaluation to be performed by a licensed provider" to determine: (1) the risks of reoffending generally; (2) the nature of the relationship between Curtis and R.B.C.; (3) recommendations on how the relationship can continue in a safe manner; and (4) how the relationship can be reinstituted and with what safeguards. The trial court stressed that the evaluation was to include a polygraph component. When asked for further elaboration, the trial court verbally confirmed that the psychosexual evaluation to be performed should comport with the type of evaluation conducted on sex offenders, in compliance with American Academy procedure. The trial court left it up to the parties to agree on a licensed provider. The type of psychological testing to be performed was also noticeably absent from the order.

Our court has previously addressed the specificity required when ordering psychological examinations pursuant to Florida Rule of Civil Procedure 1.360, in the context of a child's safety while in a parent's care. When a trial court's order does not specify the manner, conditions, or scope of the evaluation, it effectively gives "the psychologist 'carte blanche' to perform any type, and all manner, of psychological inquiry,

2

testing, and analysis," which "violates clearly established principles of law, resulting in a miscarriage of justice." Maddox v. Bullard, 141 So. 3d 1264, 1266 (Fla. 5th DCA 2014); see also Jordan v. Jordan, 187 So. 3d 312, 313 (Fla. 5th DCA 2016) (holding order for psychosexual evaluation was overbroad when it did not specify what examination would entail, such as "the length of the examination, the type of testing, or whether the testing is limited to 'methods routine to the profession'"); Barry v. Barry, 159 So. 3d 306, 308 (Fla. 5th DCA 2015) (same).

Accordingly, we reverse the entry of the subject order for a psychological evaluation and remand for the trial court to enter an order that complies with rule 1.360 by specifying the time, place, and physician's name, as well as the manner, conditions, and scope of the evaluation. See Jordan, 187 So. 3d at 313; Barry, 159 So. 3d at 308; Maddox, 141 So. 3d at 1266.

AFFIRMED in Part; REVERSED in PART; and REMANDED with Instructions.


COHEN, C.J. and ORFINGER, J., concur.