# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Petitioner,

v.

**TYLER KERSTING,**
Respondent.

No. 4D18-291

[May 16, 2018]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 16-002296 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for petitioner.

Michael D. Leader of Leader & Leader, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

The State of Florida seeks certiorari review of a pretrial order that compels the non-testifying disabled victim in a pending DUI criminal case to undergo a neurological examination to ascertain his conscious awareness of the legal proceeding. Upon receipt of the results, the trial court will rule on the defendant's pending motion in limine, which seeks to exclude the victim from the courtroom during his trial. We grant the petition and quash the order compelling the exam. *Smart v. Bock*, 220 So. 3d 1196, 1197 (Fla. 4th DCA 2017) (recognizing that certiorari review lies to review order compelling a mental health exam).

Article I, section 16(b) of the Florida Constitution provides that crime victims have the right to be present at all crucial stages of criminal proceedings "to the extent that these rights do not interfere with the constitutional rights of the accused." The Florida Constitution's language and the commentary currently state that the victim's rights are subordinate to the rights of the accused to the extent they would interfere with the accused's rights.

The trial court ordered the examination in its effort to balance the disabled victim's constitutional right to be present at trial with the defendant's constitutional right to a fair trial. To that end, the neurologist's role is to determine if the catastrophic injury that the victim suffered prevents him from understanding the judicial proceedings. The trial court indicated that the victim will be allowed to be present in the courtroom if he is "aware."

We grant the petition for two reasons. First, the exam infringes upon the victim's right to remain inviolate from an invasive examination not authorized or required by law. *See* Fla. Const., art. I, § 23. ("Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided therein."); *State v. Smith*, 260 So. 2d 489, 491 (Fla. 1972) (holding that trial court could not compel a witness to be examined for visual acuity). As the Florida Supreme Court stated in *Smith*, "[n]o right is held more sacred, or is more carefully guarded, by the common law, than the right of an individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Smith*, 260 So. 2d at 491 (citation omitted).

Second, the record does not reflect that this is a case where the exam targets evidentiary or impeachment issues. *See generally State v. Rhone*, 566 So. 2d 1367 (Fla. 4th DCA 1990); *State v. Kuntsman*, 643 So. 2d 1172 (Fla. 3d DCA 1994). We note that, even in such cases, Florida appellate courts have closely guarded the victim's privacy interests. *See State v. Farr*, 558 So. 2d 437, 438 (Fla. 4th DCA 1990) (quashing order requiring second examination of minor sex crime victim in the absence of extreme or compelling circumstances); *Dinkins v. State*, 244 So. 2d 148, 150 (Fla. 4th DCA 1971) (upholding denial of motion to compel examination of sexual battery victim because exam was not essential to prevent miscarriage of justice); *State v. Diamond*, 553 So. 2d 1185, 1194 (Fla. 1st DCA 1988) (quashing order for gynecological exam of child witness and citing *Smith* as a "firm warning" against the "spontaneous generation" of a criminal defense right to subject victims to physical examination).

We decline to consider the cases cited by the parties addressing civil suits wherein courts have considered excluding the plaintiff from trial. Those cases do not address the limited issue before this court: the propriety of the victim's neurological exam. Therefore, in granting this petition, we make no finding regarding the pending motion to exclude the victim from the courtroom.

2

To the extent the trial court seeks to balance the victim's constitutional right to be present at trial with the defendant's constitutional right to a fair trial, it will have to do so without subjecting the victim to the neurological examination.

*Petition granted.  Order quashed.*

GERBER, C.J., LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**