DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.C.,** the Mother,
Petitioner,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Respondent.

No. 4D19-1112

[November 6, 2019]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 50-2016-DP-000392 JK.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for petitioner.

Andrew Feigenbaum of Children's Legal Service, West Palm Beach, for respondent.

Thomasina F. Moore, Statewide Director of Appeals, and Laura J. Lee, Senior Attorney, Tallahassee, for Florida Statewide Guardian Ad Litem Program.

MAY, J.

A mother petitions for a writ of certiorari to quash a case plan order that requires her to submit to a parental fitness evaluation ("PFE"). She argues the trial court departed from the essential requirements of the law because the evidence does not establish the mother's mental health was in controversy. We disagree and deny the petition.

Florida Rule of Juvenile Procedure 8.250(b) provides:

> At any time after the filing of a shelter, dependency, or termination of parental rights petition, or after an adjudication of dependency or a finding of dependency when adjudication is withheld, when the mental or physical

condition . . . of a parent, . . .who has custody or is requesting custody of a child is in controversy, any party may request the court to order the person to submit to a physical or mental examination or a substance abuse evaluation or assessment by a qualified professional. The order may be made only on good cause shown and after notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The person whose examination is sought may, after receiving notice of the request for an examination, request a hearing seeking to quash the request. The court may, on its own motion, order a parent, legal custodian, or other person who has custody or is requesting custody to undergo such evaluation, treatment, or counseling activities as authorized by law.

The rule implements section 39.407(15), Florida Statutes (2018), which authorizes a mental examination upon a showing of good cause when the parent's mental condition is in controversy.

After hearing testimony and reviewing the record, the circuit court found the mother's mental condition was in controversy. It based its conclusion in part on the 2016 dependency adjudication order. That order reflected the mother had been referred to services to help her resolve "some issues regarding depression," and the mother had asked the Department to take custody of her children "because she could not provide for them physically or mentally."

The circuit court also relied on evidence which showed that two years later, after the mother was reunited with her children, she lost her housing and advised she could not keep her children together with her in shelter due to one child's behavioral problems. This resulted in the children being returned and placed in foster care.

The circuit court noted the mother had enrolled the children in school and located a therapist without assistance, but found that when overwhelmed, she returned the children to licensed care. The court reasoned that:

Without a parental fitness evaluation, any new case plan would have essentially the same tasks as the first reunification case plan. The [m]other completed those tasks, but they were not enough. It would be highly detrimental to

2

the children for the [m]other to engage in the same behavior for the third time after another reunification.

These circumstances called for a PFE, which would provide recommendations on how to help the family and avoid a potential recurrence. The court specifically found good cause for the evaluation. This decision is in accordance with the law.

The circuit court did not depart from the essential requirements of law.[1] We therefore deny the petition.

*Petition denied.*

WARNER, J., concurs.
CIKLIN, J., dissents with opinion.

CIKLIN, J., dissenting.

I respectfully disagree with the majority and would reverse the order requiring the mother to submit to a parental fitness evaluation. In my view, the record did not demonstrate that the mother's mental health was in controversy or that there was good cause for ordering the evaluation.

The circuit court based its finding that the mother suffered from depression and that her mental condition was at issue at least in part on an earlier dependency order. In particular, the court cited the dependency order's reference to the mother's statement that she had been referred to services years earlier in Tampa "to help her resolve some issues regarding depression . . . ." The court said that this alone should be sufficient to meet the "in controversy" standard for a PFE. If that alone were sufficient, the mother could forever be subject to PFE orders based on a reference to possible mental health issues she may have had years earlier, without any evidence about her mental health at this time. Further, "[m]ental illness, alone, is insufficient to demonstrate the good cause required to order a

---

[1] The mother also argued that the order failed to comport with the requirements of Rule 8.250(b) and section 39.407(15), by failing to specify the time, place, manner, conditions, and scope of the examination. But, the order required the Department to provide the mother with a provider's contact information within two weeks, and ordered her to call the provider and schedule the evaluation within a week of receiving that information. In short, the order complied with the requirements of the rule and statute.

psychological evaluation." *J.B. v. M.M.*, 92 So. 3d 888, 890 (Fla. 4th DCA 2012).

The circuit court also considered the fact that the mother turned her children over to the authorities after facing a housing issue, in a manner similar to that previously done. She chose placement of the children in licensed care in Florida while she remained in Georgia, but this was due at least in part to behavioral problems she said one of the children was having. The circuit court departed from the essential requirements of law in concluding that the mother's "inability to handle the children, physically or mentally" placed her own mental health "in controversy."

The circuit court noted that the mother had enrolled the children in school and located a therapist by herself without Department assistance. However, her "fallback when overwhelmed" by loss of housing and a difficult child was to seek placement of the children in licensed care. That a mother faced difficulties leading her to seek licensed care of her children, even after previous shelter care, may call for guidance and resources for her future parenting. It does not necessarily place her mental health at issue justifying an order for PFE.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***

4