DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMANTHA KING,**
Petitioner,

v.

**YONATHAN ARENAS ESCOBAR,**
Respondent.

No. 4D22-1070

[December 14, 2022]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. FMCE18006354.

Samantha King, Raleigh, North Carolina, pro se.

Yonathan Arenas Escobar, Miami, pro se.

PER CURIAM.

The mother in a post-judgment paternity case seeks certiorari review of an order requiring her to submit to a psychological evaluation pursuant to Florida Family Law Rule of Procedure 12.360. We grant the petition in part.

A parent involved in a child custody dispute may be required to submit to a psychological examination if it is established that his or her mental condition is in controversy and good cause is shown for the examination. *See* Fla. Fam. L. R. P. 12.360(a)(1), (2); *Wade v. Wade,* 124 So. 3d 369, 374–77 (Fla. 3d DCA 2013). The order requiring the examination must specify "the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fla. Fam. L. R. P. 12.360(a)(1)(B).

"Certiorari jurisdiction lies to review an order compelling a mental examination." *Smart v. Bock,* 220 So. 3d 1196, 1197 (Fla. 4th DCA 2017) (quoting *J.B. v. M.M.,* 92 So. 3d 888, 889 (Fla. 4th DCA 2012)). However, relief can be granted only if the order departs from "the essential requirements of the law, resulting in a miscarriage of justice." *Smart,* 220

So. 3d at 1197 (quoting *Manubens v. Manubens*, 198 So. 3d 1072, 1074 (Fla. 5th DCA 2016)).

The trial court's order in this case departs from the essential requirements of the law by failing to "specify the time, manner, conditions, and scope of the examination" as required by rule 12.360(a)(1)(B). The order allows the court-appointed doctor to conduct "necessary testing, including any testing the [doctor] may deem necessary, in his/her discretion, based on the allegations of the parties." It does not specify the length of the evaluation, the subject matter of the evaluation, or the type of testing to be conducted. This type of open-ended order departs from the essential requirements of the law and results in a miscarriage of justice because it "effectively gives the doctor 'carte blanche' to perform any type of psychological inquiry, testing, and analysis." *Manubens*, 198 So. 3d at 1074–75; *accord Smart*, 220 So. 3d at 1197–98 (quoting *Manubens*); *see also Ludwigsen v. Ludwigsen*, 313 So. 3d 709, 713–14 (Fla. 2d DCA 2020) (an order that fails to contain the proper parameters constitutes a departure from the essential requirements of the law); *Oldham v. Greene*, 263 So. 3d 807, 814 (Fla. 1st DCA 2018) (open-ended orders depart from the essential requirements of law because they do not provide specific directives).

We therefore grant the petition in part and quash the order requiring the mother to submit to a psychological evaluation. The father may seek a new order that complies with rule 12.360(a)(1)(B). *See Smart*, 220 So. 3d at 1198 (giving the defendant permission to seek a new order to replace the first open-ended order); *Maddox v. Bullard*, 141 So. 3d 1264, 1266 (Fla. 5th DCA 2014) (allowing the defendant to seek a new order). We otherwise deny the petition without further comment.

*Petition granted in part and denied in part.*

KLINGENSMITH, C.J., GROSS and MAY, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***