# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0283
Lower Tribunal No. 24-11466-CA-01
_____

## Idalia Santaella, M.D.,
Petitioner,

vs.

## Maria Vaz, etc., et al.,
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Hicks, Porter & Stein, P.A., and Dinah S. Stein and Michael J. Byrne; McEwan, Martinez, Dukes, Hall & Vancol, P.A., and Mary Jaye Hall (Orlando), for petitioner.

The Alvarez Law Firm, and Herb R. Borroto and Andres E. Borroto, for respondents.

Before LINDSEY, MILLER and BOKOR, JJ.

BOKOR, J.

Petitioner Idalia Santaella seeks a writ of certiorari to quash the trial court's orders denying her motion for protective order, granting Respondent Maria Vaz's request to move forward with a compulsory medical examination (CME) under Florida Rule of Civil Procedure 1.360, and clarifying the terms of that examination. As explained below, we deny the petition.

I.

Vaz, as personal representative of her husband's estate, sued Santaella for medical malpractice. Vaz alleged that Santaella negligently biopsied and misdiagnosed a malignancy on the decedent's thyroid in 2022, causing his death in 2023. Vaz's theory of negligence stemmed from Santaella's supposed continued practice of medicine while showing signs of dementia. The suit further alleged that Santaella's husband, also a doctor, negligently facilitated her practice during this neurocognitive decline. Vaz filed notice of a compulsory medical examination of Santaella under rule 1.360 for the purpose of assessing Santaella's cognitive state at the time of the incidents giving rise to the malpractice claim.

II.

A petition for certiorari must show (1) a departure from the essential requirements of law; (2) material injury through the remainder of the proceedings below; and (3) an injury that is irreparable, leaving no adequate

remedy at law. Prichard v. Galicia, 407 So. 3d 537, 539 n.2 (Fla. 3d DCA 2025). Santaella claims that the trial court departed from the essential requirements of law by (1) ordering a compulsory medical examination of her *present* cognitive abilities when only her *prior* cognitive abilities are in controversy, and (2) by finding good cause for the examination without first defining its scope. Indeed, two prerequisites of a compulsory medical examination are (1) that the condition be "in controversy," and (2) that "good cause" be shown on the grounds that the condition cannot be adequately evidenced without expert testimony flowing from the exam. Espinosa v. D.H. Griffin Constr. Co., LLC, 187 So. 3d 1273, 1275 (Fla. 3d DCA 2016). But both prerequisites are met here.

First, the neurologist set to examine Santaella attested that the compulsory medical examination sought would help her form an opinion on Santaella's cognitive abilities as they existed at the time of the incident giving rise to Vaz's underlying malpractice claim against Santaella. See also Gomez v. Rendon, 126 So. 3d 315, 319 (Fla. 3d DCA 2013) (explaining that where good cause exists, "a mere review of . . . medical records is not a sufficient substitute for a firsthand, physical examination"). As in Espinosa, the court here "did not depart from the essential requirements of law in determining that the condition that is the subject of the requested

3

examination is in controversy" and permitting an examination. 187 So. 3d at 1275 (quotation omitted). The action places the cognitive state of Santaella at the time of the 2022 biopsy and diagnosis in controversy.

Second, Espinosa explained that a trial court cannot make a finding of "good cause" as required by rule 1.360(a)(2) unless it first defines that examination's scope. Id. And here, the operative order sufficiently defines the scope of exam. In Espinosa, the order on review created "merely the appearance of a specified and limited scope" because that order authorized the physician to conduct whatever "examination or tests . . . may be necessary" to assess the condition in controversy. Id. at 1275 & n.1 (quotation omitted). This court held that such a blanket authorization, potentially including "examinations or tests which the trial court may not have considered (or intended to permit)," failed to comply with the trial court's duty to assess good cause under rule 1.360. Id. at 1275.

But here, the operative order allows only a virtual (telehealth) examination via online platform, with Santaella participating "from home or wherever she feels comfortable." The order directs that the exam shall begin with "about 20 minutes" of medical history followed by a "general cognitive exam," which term is undefined in the order but generally understood to mean a short, non-invasive, assessment of basic mental functions. The

cognitive portion is to be completed in "no longer than 20 to 40 minutes, but . . . in 10 minutes if Dr. Santaella is non-verbal." The entire exam is capped at 40 minutes. The order further explains that there shall be no questions "concerning [Santaella's] medical care of the decedent." It allows her to have a spouse or family member and attorney present, and it gives her the exclusive option to videotape or transcribe the examination. So we have none of the concerns raised in Espinosa that Santaella would be subjected to assessments that the court did not intend or consider. The trial court found good cause by imposing specific limitations on a defined examination of a condition in controversy.

Petition denied.